UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TRACEY DOUGLAS,

                            Plaintiff,

                                                    DECISION AND ORDER

-vs-

                                                      14-CV-6018 CJS

ANTHONY ANNUCI, et al.,

                            Defendants.

_____

INTRODUCTION

This is an action under 42 U.S.C. § 1983 brought by Tracey Douglas ("Plaintiff"), a prison inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Plaintiff alleges that Defendants failed to protect him from attacks by other inmates. Now before the Court is Defendants' motion for judgment on the pleadings. (Docket No. [#15]). The application is granted in part and denied in part.

BACKGROUND

The reader is presumed to be familiar with the Court's prior Decisions and Orders in this action, which discuss the facts of the case in detail. It is sufficient to note that at all relevant times, Plaintiff was incarcerated by DOCCS, and was serving a sentence for robbery. The person whom Plaintiff was convicted of robbing was allegedly a high-ranking member of the Bloods gang, which has many members incarcerated in DOCCS facilities throughout New York. Plaintiff maintains that such gang members targeted him for violent retaliation. In particular, Plaintiff contends that the Bloods slashed his face on five different occasions during 2001, 2002, 2006 and 2008. Initially in this action, Plaintiff was seeking to recover damages for alleged failures by DOCCS employees to protect him from those

1

attacks, but by Decision and Order dated July 14, 2016, the Court granted summary judgment for Defendants as to those claims.[1]

However, Plaintiff also alleges that Defendants failed to adequately protect him after he was transferred to Elmira Correctional Facility in 2013, and the Court denied Defendant's application for summary judgment as to that claim.

Regarding this sole surviving claim, Plaintiff maintains that at the time of such transfer, Defendants were aware of the aforementioned past attacks on him, and were aware that he was in continuing imminent danger of being assaulted again by Bloods gang members, if any, at Elmira. The Complaint [#1] further states in pertinent part:

> 26. On July 5, 2013 I was once again sent to the very same facility (Elmira) where I was assaulted (twice) and where the state is clearly aware of the threat on my life (upon admission I was refused protective custody).
>
> 27. On August 1, 2013 I was finally approved for Protective Custody at "Elmira." After being in their general population for almost a month.
>
> 28. Placement in their protective custody unit was only granted after the security officials became aware of specified threats to my life from their various informants.

The Complaint also indicates that even after Plaintiff was placed in protective custody at Elmira, he was still required to pass through the general population areas of the facility twice per day, in order to go to the infirmary. On this point, the Complaint states, in pertinent part:

> 32. Twice each day, eight in the morning and approximately eight at night, I [was] escorted by an officer, sometimes a female officer, through the inmate population of two housing areas, then to an infirmary in a separate

---

[1] *See*, Docket No. [#12], Decision and Order (Telesca, J.).

building that [was accessed] from an outdoor entrance-way.

33. On most days prisoners are entering and exiting the infirmary, and or crowded within the doorways during the escort.

34. On any one of th[o]se trips an inmate, (if he for whatever reason has chosen to) can reach out and cut, stab or assault me in any number of ways, and at most, [all that] the officer escorting me would or could do is "react" to what has "already" taken place, but cannot "prevent' the attempt on my life.

Despite Plaintiff's concerns, he was never physically attacked while in protective custody at Elmira.

However, the Complaint indicates that Plaintiff suffered "mental and emotional injuries" as a result of worrying about the potential threat of being attacked by Bloods gang members at Elmira during such trips to and from the infirmary. In particular, the Complaint indicates that Plaintiff's days were "spent in fear" of being attacked; that he "suffer[ed] from a constant and continuous nervous stomach"; that he "sometimes [went] days without sleep"; and that he was so afraid when being escorted through the general population areas that he could hear his own heart "in [his] ears."[2]

The Complaint alleges that Plaintiff's fear of being assaulted is sufficient to satisfy the requirements of the 8th Amendment. More specifically, the Complaint contends that Plaintiff's "consummate fear of being assault[ed] again" and his inability to sleep are sufficiently serious injuries to support an 8th Amendment claim.[3] The Complaint demands compensatory damages and punitive damages.[4]

---

[2]Complaint [#1] at ¶ ¶ 38-41.

[3]Complaint [#1] at pp. 10-12.

[4]Complaint [#1] at p. 17.

On July 29, 2016, Defendants filed the subject motion [#15] for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Defendants maintain that an 8th Amendment failure-to-protect claim is not actionable, as a matter of law, where the inmate was not actually assaulted, but only experienced fear of being assaulted. *See*, Defs. Memo of Law [#15-1] at p. 4, 6 ("Fear of being assaulted is not a sufficiently serious injury. . . . [P]laintiff's lack of physical injury is fatal to his Eighth Amendment claim."). On this point, Defendants cite, *inter alia*, *Fofana v. Suffolk County Corr. Fac.*, No. 13-CV-00443 (SJF)(ETB), 2013 WL 2285753 (E.D.N.Y. May 20, 2013). In the event that the Court declines to dismiss the action altogether, Defendants alternatively contend that the Court should dismiss Plaintiff's claims for compensatory and punitive damages, pursuant to 42 U.S.C. § 1997e(e), since he did not sustain a physical injury.[5]

Plaintiff responds that although he did not sustain any physical injury in connection with his 2013 incarceration at Elmira, he has nevertheless adequately stated an actionable 8th Amendment claim. In particular, Plaintiff maintains that an 8th Amendment violation may occur where an inmate faces a "substantial *risk* of serious harm."[6] Plaintiff also contends that while 42 U.S.C. § 1997e(e) requires a physical injury, it "does not [specify] when that prior injury had to occur."[7] Plaintiff therefore argues that his 2013 emotional-injury claims are supported by the physical injuries that he sustained in 2001, 2002, 2006

---

[5]Def. Memo of Law [#15-1] at p. 6.

[6]Pl. Memo of Law [#18] at p. 5.

[7]Pl. Memo of Law [#18] at p. 5, n. 4.

and 2008.[8]

## DISCUSSION

Preliminarily, the Court notes that because Plaintiff is proceeding *pro se*, it construes his submissions liberally, to raise the strongest arguments that they suggest.

The Rule 12(b)(6) standard is applicable to Defendants' motion for judgment on the pleadings pursuant to FRCP 12(c). *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999) ("In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6)."), *cert. den*. 531 U.S. 1052, 121 S.Ct. 657 (2000). That standard is clear:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.

---

[8]Plaintiff additionally contends that Court has already ruled that his claim may proceed past the pleading stage, since it denied Defendant's summary judgment motion as to the claim, and therefore must have permitted his 2013 failure-to-protect claim to survive summary judgment based upon the "prior physical injur[ies]" that he sustained in 2001, 2002, 2006 and 2008. Pl. Memo of Law [#18] at p. 5, n. 4. However, the Court disagrees, since the prior Decision and Order [#12] did not specifically address the issues raised by Defendants' subject motion. Defendants' summary judgment motion was based upon defenses of res judicata, release, and the statute of limitations. Plaintiff's responding memo [#10] raised the issue presented here, even though such arguments was not responsive to Defendants' motion. The Court did not specifically address such argument in its Decision and Order, though it recognized that Plaintiffs only alleged injuries were "emotional damages." Decision and Order [#12] at p. 17. Accordingly, while Plaintiff may be correct that the Court's prior decision implies that an 8th Amendment claim can proceed based solely upon emotional injuries, it did not specifically examine such issue.

2007 ) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' ") (*quoting Bell Atl. Corp. v. Twombly* ) (footnote omitted). When applying this standard,

> [w]e construe all factual allegations in the complaint as true and "draw[ ] all reasonable inferences in the plaintiff's favor." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d [at 98]. In its review, the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents "integral" to the complaint and relied upon in it, and facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence. *See, e.g., Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir.2000); *Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995).

*Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014).

The general legal principles applicable to an 8th Amendment failure-to-protect claim are well settled:

> The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody. Moreover, under 42 U.S.C. § 1983, prison officials are liable for harm incurred by an inmate if the officials acted with "deliberate indifference" to the safety of the inmate. However, to state a cognizable section 1983 claim, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice.
>
> The test for deliberate indifference is twofold. First, the plaintiff must demonstrate that he is incarcerated under conditions posing <u>a substantial risk of serious harm</u>. Second, the plaintiff must demonstrate that the defendant prison officials possessed sufficient culpable intent. The second prong of the deliberate indifference test, culpable intent, in turn, involves a two-tier inquiry. Specifically, a prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate

> the harm.

*Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (emphasis added, citations omitted); *see also, Avincola v. Maldonado*, No. 04-3529-PR, 2005 WL 3116760, at *1 (2d Cir. Nov. 22, 2005) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment" and will give rise to a failure-to-protect claim.") (citation omitted).

Defendants contend that the Complaint fails to satisfy the first prong above, because in the absence of an actual assault, an inmate's "fear of being assaulted" is insufficient to establish a substantial risk of serious harm. However, several courts have held that an inmate may satisfy the "substantial risk of serious harm" prong even if he did not suffer injury. For example, in *Heisler v. Kralik*, 981 F.Supp. 830, 836 (S.D.N.Y. 1997), the court rejected an argument similar to Defendants', stating:

> While not every injury suffered by one prisoner at the hands of another translates into constitutional liability, the Court does not accept defendants' position that prison officials are only liable for failing to protect an inmate from an attack by another inmate when a serious physical injury has resulted from the attack. If accepted, such an analysis would assess a prison official's actions based on hindsight, rather than on the facts and circumstances of which the official was aware at the time he acted or failed to act. Prison officials are not required to be prescient, but only to act reasonably in response to the conditions of which they are aware. The position urged by the defendants would undermine the *Farmer* Court's holding that conditions posing a "substantial risk" of serious harm violate the Eighth Amendment when prison officials are deliberately indifferent to those conditions. The *Farmer* Court reasoned that
>
>> [h]aving incarcerated 'persons [with] demonstrated proclivit[ies] for antisocial criminal and often violent, conduct,' having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the

7

> state of nature take its course.
>
> [*Farmer*, 511 U.S.] at 833, 114 S.Ct. at 1977 (*quoting Hudson v. Palmer*, 468 U.S. 517, 526, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1983)). As a consequence, the Court in *Farmer* recognized that injunctions against unsafe and life-threatening conditions in prisons may be appropriate even when nothing has yet happened. . . . *Id.* at 845, 114 S.Ct. at 1983 (*quoting Helling v. McKinney*, 509 U.S. 25, 33, 113 S.Ct. 2475, 2480–81, 125 L.Ed.2d 22 (1993)).
>
> In sum, prison officials have a constitutional duty to act reasonably to ensure a safe environment for a prisoner when they are aware that there is a significant risk of serious injury to that prisoner. The failure to do so violates that prisoner's rights, whether or not an attack actually occurs, and if it does occur, whether or not the injuries suffered in an attack are serious. In assessing whether the risk of an inmate's violence against other inmates is "sufficiently serious" to trigger constitutional protection, the focus of inquiry must be, not the extent of the physical injuries sustained in an attack, but rather the existence of a "substantial risk of serious harm."

*Id.* (some citations omitted), *aff'd sub nom. Heisler v. Rockland Cty.*, 164 F.3d 618 (2d Cir. 1998); *accord, Feliciano v. Goord*, 1998 WL 436358 at *4-5 (S.D.N.Y. Jul. 27, 1998); *see also*, *Alsaifullah v. Furco*, 2013 WL 3972514 at *12 (S.D.N.Y. Aug. 2, 2013) ("The objective prong can be met even where the inmate does not actually suffer serious physical injury.") (citation omitted); *JCG v. Ercole*, No. 11 CIV. 6844 CM JLC, 2014 WL 1630815, at *26 (S.D.N.Y. Apr. 24, 2014) ("[A]n inmate need not actually suffer serious physical injury to face a substantial risk of serious harm.") (citation omitted), report and recommendation adopted, No. 11 CIV. 6844 CM JLC, 2014 WL 2769120 (S.D.N.Y. June 18, 2014).

Defendants correctly point out that there are also court decisions holding that mere "fear of being assaulted is not a sufficiently serious injury" for purposes of the 8th Amendment. For example, in *Smith v. Byrne*, 2015 WL 347394 (D.Vt. Jan. 24, 2015), the

court stated:

> To state a cognizable claim under these circumstances, a plaintiff must allege facts that, if proven, would establish that he faced actual or imminent harm as a result of the identification. *While an actual physical attack is not required to demonstrate a substantial risk of serious harm, mere fear of an assault is insufficient to state a claim for an Eighth Amendment violation.*

*Id*. at *6 (emphasis added; internal quotation marks omitted; collecting cases holding that mere fear of assault is not a sufficiently serious injury under the 8th Amendment). However, in that case, the court noted that the inmate-plaintiff had completely failed to support his claim with factual averments indicating that he was actually in danger:

> Here, all Smith alleges is that his name appeared on an affidavit. He does not specify who wrote the affidavit, for what purpose it was written, or even what the affidavit states. Furthermore, he has not alleged any facts to show that he faced a threat of physical harm. Smith has only alleged the inmates have made his life a "living hell," and that he is "in fear all the time." Therefore Smith's Complaint fails to meet the first prong of the deliberate-indifference test.

*Id*. at *6 (citations to record omitted). Moreover, in that same discussion, the court favorably cited another decision, *Green v. City of N.Y. Dep't of Corr.*, No. 06 Civ. 4978(LTS)(KNF), 2008 WL 2485402, at *6 (S.D.N.Y. June 19, 2008), for the proposition that "a prisoner's allegations of death threats, *absent a claim that physical harm actually existed or was imminent,* was [not] sufficient to constitute a substantial risk of serious harm under the Eighth Amendment." *Id*. at *6. Such language implies that an inmate may plead a failure-to-protect claim, even though he has not assaulted, if he plausibly alleges that a risk of physical harm actually existed and was imminent.

The case upon which Defendants principally rely, *Fofana v. Suffolk County Corr.*

*Fac.*, cited earlier, similarly involved an inmate who, the court in that case found, failed to plausibly allege that he was actually in danger. On that point, the court in *Fofana* stated:

> The complaint does not allege any facts to support a reasonable inference that plaintiff is incarcerated under conditions posing a substantial risk of serious harm. Other than his assertion that he fears for his life because some inmates believe he is a "snitch," plaintiff does not allege that he was ever assaulted or injured by any other inmate, nor that any inmate ever even threatened him with harm. Fear of assault, by itself, does not constitute a 'sufficiently serious' injury sufficient to state a claim for failure to protect.

*Id*. at *5 (citations and internal quotation marks omitted). Such language implies that the pleading would have adequately stated a failure-to-protect claim if it had alleged that the plaintiff had actually been assaulted and/or threatened with harm. Additionally, the cases string-cited within the *Fofana* decision all involved similar situations where inmates merely alleged generalized fears of being assaulted, without showing that they had actually been assaulted or threatened with imminent harm. Accordingly, these cases stand for the proposition that a pleading which merely asserts an unsubstantiated fear of harm fails to plead a "substantial risk of serious harm."

The instant case is clearly different, as the Plaintiff's Complaint [#1] alleges both that there is an active "contract" on his life by the Bloods gang, and that he has already been slashed by Bloods gang members on five occasions.[9] The cases upon which Defendants rely are therefore inapposite and fail to show Defendants' entitlement to relief. Accordingly, insofar as Defendants' application [#15] maintains that the Complaint fails to plausibly plead that Plaintiff faced a "substantial risk of serious harm," the Court disagrees.

Defendants alternatively maintain that even if Plaintiff has adequately pleaded a

---

[9]Complaint [#1] at ¶¶ 6, 9, 13, 16, 18, 20.

failure-to-protect claim, his damages are limited by 42 U.S.C. § 1997e(e). That statute states, in pertinent part: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Second Circuit interprets this provision as both pertaining "to all federal civil actions including claims alleging constitutional violations," and as

> a limitation on recovery of damages for mental and emotional injury in the absence of a showing of physical injury, [which] does not restrict a plaintiff's ability to recover compensatory damages for actual injury, nominal or punitive damages, or injunctive and declaratory relief.

*Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002). Accordingly, in the absence of physical injury, § 1997e(e) prevents a prisoner-plaintiff from recovering compensatory damages, but not nominal damages, punitive damages, injunctive relief or declaratory relief. *Id*.

The subject Complaint [#1] demands compensatory damages and punitive damages.[10] Defendants' motion [#15] contends that since Plaintiff suffered no physical injury, his claims for both compensatory and punitive damages must be dismissed, pursuant to 42 U.S.C. § 1997e(e). However, as noted earlier, § 1997e(e) does not bar a claim for punitive damages. *See, Sawyer v. New York State Dep't of Corr. Servs.*, No. 11-CV-152S F, 2015 WL 6641471, at *4 (W.D.N.Y. Oct. 28, 2015) ("Section 1997e(d) does not preclude a plaintiff from seeking non-compensatory relief, including nominal damages, injunctive and declaratory relief, and punitive damages.") (citing *Thompson*, 284 F.3d at

---

[10] It also demanded injunctive relief, but the Court dismissed that claim. Decision and Order [#12] at pp. 17-19.

418). Consequently, the portion of Defendants' motion which demands dismissal of Plaintiff's punitive damages claim, based upon § 1997e(e), is denied.

The sole remaining issue is whether § 1997e(e) requires the dismissal of Plaintiff's claim for compensatory damages.[11] Admittedly, Plaintiff's claim alleges only mental and emotional injuries, and no physical injury. However, Plaintiff contends that he can recover compensatory damages for that claim, notwithstanding § 1997e(e), based upon the physical injuries that he sustained in 2001, 2002, 2006 and 2008, even though his claims related to those injuries have been dismissed. That is, Plaintiff interprets the term "prior showing of physical injury" in § 1997e(e) to include even injuries that occurred years earlier.

Court decisions addressing this point are quite sparse. Indeed, the Court has managed to find only one case directly on point, and it rejects Plaintiff's theory. *See, Strain v. Thaler*, No. CIV.A. H-13-0782, 2013 WL 6709036, at *2 (S.D. Tex. Dec. 17, 2013) ("Plaintiff's references to an assault in 2003 and to a second assault in 2009 or 2010 appear to be for historical background purposes only. Any claim for damages based on these prior assaults would be barred by the two-year statute of limitations at this point. *Nor can the assaults constitute the required physical injury for purposes of section 1997e(e) in the instant lawsuit, as they do not constitute a physical injury incurred as a result of his*

---

[11]The Court is aware of at least one court decision indicating that it is inappropriate to address a motion pursuant to 42 U.S.C. § 1997e(e) at the pleading stage. *See, Frieson v. City of New York*, 2012 WL 1948782 at *2 (S.D.N.Y. May 30, 2012) ("[However, at the motion to dismiss stage, the Court cannot, and need not, conclusively resolve the *factual question* of whether or not the plaintiff suffered physical injury in addition to his claimed mental and emotional injury.") (emphasis added). However, in the instant case there is no factual dispute regarding the lack of physical injury. Indeed, the absence of physical injury is evident from the face of the Complaint. *See, Howard v. City of New York*, No. 11 CIV. 5899 CM KNF, 2012 WL 5816976, at *6 (S.D.N.Y. Nov. 14, 2012) ("Since Plaintiffs have not asserted any physical injuries, their requests for damages are barred and must be dismissed.") (granting 12(b)(6) motion based upon 42 U.S.C. § 1997e(e)).

*current housing*.") (emphasis added). The Court agrees with the approach taken in *Strain v. Thaler*, and finds that Plaintiff's claim for compensatory damages must be dismissed, pursuant to § 1997e(e), since he admittedly suffered no physical injury in connection with the subject failure-to-protect claim involving his placement at Elmira in 2013. Accordingly, that aspect of Defendants' motion is granted, although Plaintiff may still pursue nominal damages and/or punitive damages.

## CONCLUSION

Defendants' application for judgment on the pleadings [#15] is granted in part and denied in part. Defendants' request to dismiss Plaintiff's 8th Amendment failure-to-protect claim and his punitive-damages claim is denied, but their request to dismiss his demand for compensatory damages is granted pursuant to 42 U.S.C. § 1997e(e).

So Ordered.

Dated: Rochester, New York
     November 6, 2017

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge